### In re WORRELL.

(District Court, E. D. Pennsylvania. October 19, 1903.)

#### No. 1,619.

1. BANKRUPTCY—EXAMINATION OF BANKRUPT'S WIFE—SCOPE OF INQUIRY.

Under Bankr. Act 1898, § 21a (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]), as amended by Act Feb. 5, 1903, c. 487 (32 Stat. 798 [U. S. Comp. St. Supp. 1903, p. 413]), which authorizes the examination of a bankrupt's wife, but only "touching business transacted by her, or to which she is a party, and to determine the fact whether she had transacted or been a party to any business of the bankrupt," a cer-

tain latitude must be permitted in her examination; and, where there is reasonable ground therefor, she may be examined, to determine whether a business conducted in her name is in fact hers or the bankrupt's, and may be asked such questions as are pertinent to that inquiry.

In Bankruptcy. On certificate from referee and petition to extend time for filing objections to discharge.

William A. Hayes, for bankrupt.

Franz Ehrlich, Jr., and Simpson & Brown, for objecting creditor.

J. B. McPHERSON, District Judge. The amendment of 1903 to the bankrupt act (Act Feb. 5, 1903, c. 487, 32 Stat. 798 [U. S. Comp. St. Supp. 1903, p. 413]) enlarges clause "a," § 21, Bankr. Act July 1, 1898, c. 541 (30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]), so as to make the wife of a bankrupt a competent and compellable witness in any inquiry concerning his acts, conduct, or property. But even in such an inquiry she cannot be examined generally. The proviso to the clause specially confines the examination to "business transacted by her, or to which she is a party, and to determine the fact whether she has transacted or been a party to any business of the bankrupt." Her own separate business is, of course, not the subject of inquiry at all, but it is at this point, precisely, that questions are most likely to arise. Is the particular business her own, or is it her husband's? Obviously, she cannot be allowed to determine that question for herself, and the result is that a certain degree of latitude in her examination must, of necessity, be permitted, in order that the court may be sure that she has not been, and is not now, transacting business as a mere cover for the bankrupt, or in aid of a scheme to injure his creditors. If the course of inquiry should reveal matters that in the end turn out to concern herself alone, such a result is to be regretted; but this cannot always be obviated, and it is certainly better than to allow her to decide conclusively that the business is hers by making a bare assertion to that effect.

In the present case, the adjudication was made on April 15, 1903. On the next day, the wife of the bankrupt bought the lease of a theater, and soon afterwards employed him to manage it; she herself having had no previous professional experience, while he had been managing another theater for some time. Under such circumstances, I have no doubt that the wife may be properly examined, to discover what she paid for the lease, and where the money came from, and may be asked any other questions that bear upon the point whether this enterprise is really hers, or is being carried on by the bankrupt in her name. The lease itself need not be produced until it fairly appears from the testimony that the business is not hers, but her husband's. The referee's second and third rulings were correct. The first ruling, concerning the production of the lease, is covered by what I have just said.

The time for filing objections to the bankrupt's discharge is extended until December 15, 1903.